IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01384-BNB

JEREMY PINSON,

    Plaintiff,

v.

CASDEN, FNU,
SEAN SNIDER, and
DAVID BERKEBILE,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

    Plaintiff, Jeremy Pinson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary-ADX in Florence, Colorado. Mr. Pinson, acting *pro se*, initiated this action by filing a Prisoner Complaint that alleges a violation of his constitutional rights. He seeks injunctive relief and money damages.

    The Court must construe the Prisoner Complaint liberally because Mr. Pinson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    In relevant part, § 1915 provides:

        In no event shall a prisoner bring a civil action or

> appeal a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous.  *Pinson v. Chipi, et al.*, No. 09-cv-00283-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *appeal dismissed*, No. 10-12235-B (11th Cir. Feb. 2, 2011) (dismissed as frivolous), *cert. denied*, No. 10-11063, 2011 WL 4532284 (Oct. 3, 2011); *Pinson v. Pineiro, et al.*, No. 09-cv-00244-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *vol. dismissed*, No. 09-14528-C (11th Cir. Oct. 16, 2009); *Pinson v. Grimes, et al.*, No. 09-cv-00238-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *aff'd in part*, No. 09-14242, 391 F. App'x 797 (11th Cir. Aug. 9, 2010) (§ 1915(g) dismissal affirmed regarding strike, but dismissal with prejudice remanded as too harsh), *cert. denied*, 131 S. Ct. 527 (Nov. 1, 2010).

      The Court's § 1915(g) determination in each of the above-noted cases was consistent with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).  Also, if the Tenth Circuit dismisses "as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."  *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775 (10th Cir.

April 20, 1999).

In response to the question on Page Two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which asks if Mr. Pinson is in imminent danger of serious physical injury, he states "See Complaint at Claim One." In the Complaint, Mr. Pinson asserts (1) Defendant Snider placed him in a medical observation cell naked without a mattress and blankets on May 3, 2013; (2) Defendant Casden threatened him for participating in Case No. 12-cv-01570-RPM; (2) Defendant Casden disconnected his cell sink and toilet resulting in his having to defecate on the cell floor; (3) Defendant Casden confiscated his asthma inhalers resulting in his having difficulty breathing; (4) he has been unable to eat and drink causing severe dehydration, dizziness, and hunger due to his continued placement in the medical observation cell; and (5) Defendant Casden sexually assaulted him and threatened to kill him if he told anyone about the assault.

Mr. Pinson is required to provide "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Mr. Pinson claims that on May 3, 2013, Defendant Snider ordered him moved to a medical observation cell, stripped naked without a blanket or mattress, and deprived of his possessions. Mr. Pinson contends he was required to sleep and eat on the floor on May 4 and 5. Defendant Snider's order to place Mr. Pinson in a medical observation cell without clothes, possessions, blanket, or mattress, alone, does not assert a violation

of Mr. Pinson's constitutional rights. *See Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991) (Some conditions in combination establish an Eighth Amendment violation "but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example. . . .")

Furthermore, Mr. Pinson's general claim of retaliation is vague and conclusory and fails to state a violation of his constitutional rights. *See Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (a plaintiff must plead facts that evince a retaliatory motive). Also, Mr. Pinson's claims of general threats by staff and by Defendant Casden fail to state a violation of Mr. Pinson's constitutional rights. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *see also Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam) (holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivations under § 1983)).

Finally, a claim that Defendant Berkebile was contacted and asked to approve the disconnect of Mr. Pinson's sink and toilet and the confiscation of asthma inhalers does not state that Defendant Berkebile actually approved the disconnect and confiscation and personally participated in the continued denial of a toilet, sink, and asthma inhaler for at least four days. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (A

defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.); *see also Dodds v. Richardson*, et al., 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring) (A supervisor is only liable for constitutional violations that they cause.). The Court, therefore, will dismiss Mr. Pinson's retaliation and threat claims, as well as his claims against Defendants Snider and Berkebile as legally frivolous.

As for the claims against Defendant Casden regarding (1) the disconnection of the sink and toilet for at least four days; (2) the confiscation of Mr. Pinson's asthma inhalers causing breathing difficulties for four days and inability to eat; and (3) the sexual assault, the Court finds reason to grant *in forma pauperis* status and order these claims against Defendant Casden assigned to District Judge Raymond P. Moore, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Boyd N. Boland. Accordingly, it is

ORDERED that the retaliation and threat claims, as well as the claims asserted against Defendants Snider and Berkebile are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as legally frivolous. It is

FURTHER ORDERED that the Clerk of the Court is directed to terminate Defendants Snider and Berkebile as parties to this action. It is

FURTHER ORDERED that the three claims identified above as asserted against Defendant Casden and the Complaint shall be assigned to District Judge Raymond P. Moore, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Boyd N. Boland.

DATED June 25, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court