IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-BNB

JEREMY PINSON,

Plaintiff,

v.

CASDEN, FNU,
SEAN SNIDER, and
DAVID BERKEBILE,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Amended Prisoner Complaint** [Doc. #8] and the **Motion for Service Via U.S. Marshal** [Doc. #9] (the "Motion"), both filed by the plaintiff on July 1, 2013. The Motion is DENIED, and the Amended Prisoner Complaint is STRICKEN.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at 15(a)(2).

The plaintiff filed his initial Prisoner Complaint on May 28, 2013 [Doc. #1]. It has not yet been served on the defendants. Therefore, the plaintiff may amend his Prisoner Complaint only by filing a motion seeking leave of court.

This requirement is especially important here because the plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, and he has been assessed three strikes under 28 U.S.C. § 1915(g).[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* in this case [Doc. #5] based on certain allegations of imminent danger of serious physical injury.[2] He may not add claims by simply filing an amended complaint.

Instead, the plaintiff must file a motion seeking leave of court to amend his Prisoner Complaint. The motion must detail the proposed amendments; state the reasons why such amendments are necessary; and show that the proposed amendments are claims of imminent danger of serious physical injury. The plaintiff must attach the proposed amended complaint, entitled "Amended Prisoner Complaint," to the motion. The plaintiff may not incorporate his original Prisoner Complaint into the proposed amended complaint. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.

---

[1]The plaintiff's abusive filing history is addressed in a previous order [Doc. #5], and is obvious from Attachment A to his Prisoner Complaint [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

[2]Many of his claims were dismissed on initial review because they did not contain "specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

IT IS ORDERED:

1. The plaintiff's Amended Prisoner Complaint [Doc. #8] is STRICKEN; and

2. The Motion for Service Via U.S. Marshal [Doc. #9] is DENIED.

Dated July 29, 2013.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge