IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-BNB

JEREMY PINSON,

Plaintiff,

v.

CASDEN, FNU,

Defendant.

## ORDER

This matter arises on the following motions filed by the plaintiff:

(1) **Motion to Intervene, Join, and Amend Complaint** [Doc. #20, filed 09/25/2013] (the "Motion to Amend"); and

(2) **Motion for Appointment of Counsel** [Doc. #32, filed 10/15/2013].

In his Motion to Amend, the plaintiff seeks leave to file an amended complaint. The plaintiff refers to an order issued August 1, 2013; a chemical agent claim; and his request for injunctive relief in Doc. #16. The court did not issue an order in this case on August 1, 2013; there is no chemical agent claim at issue in this case; and Doc. #16 is not a request for injunctive relief. It appears that the plaintiff has filed the Motion to Amend in the wrong case.[1] The Motion to Amend is denied without prejudice.

---

[1] The plaintiff may have intended to file his Motion to Amend in Civil Action No. 13-cv-00749-RM-BNB, which contains an order issued on August 1, 2013; a chemical agent claim; and an emergency motion for injunctive relief docketed as entry #16.

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff seeks appointment of counsel to represent him in this matter. I have broad discretion in determining whether to appoint counsel in a civil case. <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir. 1993). In deciding whether to appoint counsel, the following factors are considered: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. <u>See</u> <u>Rucks v. Boergermann</u>, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised are not complex. In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.

The plaintiff states that appointment of counsel is necessary because he has been placed on restricted mail status. However, his restricted status has not interfered with his ability to litigate this case. Indeed, he has filed five motions since his restricted mail status became effective on September 17, 2013.

IT IS ORDERED:

(1) The Motion to Intervene, Join, and Amend Complaint [Doc. #20] is DENIED WITHOUT PREJUDICE; and

(2) The Motion for Appointment of Counsel [Doc. #32] is DENIED.

Dated October 21, 2013.

                                                      BY THE COURT:

                                                      s/ Boyd N. Boland
                                                      United States Magistrate Judge