IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

CASDEN, FNU,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following motions filed by the plaintiff:

(1) **Motion for a Protective Order** [Doc. #22, filed 10/02/2013]; and

(2) **Motion for Preliminary Injunction** [Doc. #27, filed 10/07/2013].

In his Motion for a Protective Order, the plaintiff seeks an order prohibiting the defendant from threatening or retaliating against him. He states that the defendant told him that because he filed this lawsuit, she would stop his transfer to the "Stages Psychology Treatment Program" at the Federal Correctional Institution in Terre Haute, Indiana. I construe the Motion for a Protective Order as a motion for injunctive relief.

In his Motion for Preliminary Injunction, the plaintiff requests an order prohibiting the defendant "and those acting in concert with her" from obstructing the plaintiff's efforts to retain counsel. He claims that, at the direction of the defendant, two prison officials refused to let him mail letters to attorneys.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief

is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and

(4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The plaintiff does not meaningfully discuss the Lundgrin factors. Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief. Accordingly, I respectfully RECOMMEND:

(1) Motion for a Protective Order [Doc. #22] be DENIED; and

(2) Motion for Preliminary Injunction [Doc. #27] be DENIED.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 22, 2013.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge