IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

CASDEN, FNU,

Defendant.

_____

**ORDER**
_____

This matter arises on the following materials filed by the plaintiff:

(1) **Motion for Issuance of Subpoenas** [Doc. #46, filed 10/24/2013] (the "First Motion");

(2) **Motion for Subpoena to BOP** [Doc. #49, filed 11/04/2013] (the "Second Motion");

(3) **Motion for Issuance of Subpoena to OIG** [Doc. #51, filed 11/04/2013] (the "Third Motion");

(4) **Ex Parte Proposed Witness List and Motion for Order Regarding Appearance** [Doc. #52, filed 11/04/2013] (the "Fourth Motion"); and

(5) A letter filed by Mikeal Glenn Stine [Doc. #54, filed 1/05/13].

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on May 28, 2013 [Doc. #1] (the "Complaint").

The plaintiff is an abusive filer and is well-known to the court. He has filed at least 30

cases in this court over the last five years and has filed numerous cases in other federal district courts. The plaintiff's abusive filing history is addressed in Document #5, and is obvious from Attachment A to the Complaint [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations in the Complaint that the defendant (1) disconnected his sink and toilet for at least four days; (2) confiscated the plaintiff's asthma inhalers causing breathing difficulties for four days and inability to eat; and (3) sexually assaulted him.

On October 17, 2013, the plaintiff filed a motion for injunctive relief [Doc. #34]. The plaintiff alleges that on September 27, 2013, the defendant refused to provide him with medical care and threatened to have him murdered in retaliation for filing lawsuits against her and other BOP staff. I set the matter for a hearing on these limited issues on January 14, 2014 [Doc. #41].

In his First Motion, the plaintiff requests that the court issue subpoenas to the BOP and the Office of the Inspector General ("OIG") to produce all documents concerning (1) "the investigation into plaintiff's allegations against defendant . . . which are the subject matter of this Complaint," and (2) "all complaints, written or oral, against defendant while she's been

employed by the BOP that allege misconduct by her." The plaintiff states that the information is necessary to oppose a dispositive motion that the defendant anticipates filing and to support his pending motions for injunctive relief (Docs. ##22 and 34).

The plaintiff's request for documents to oppose a motion that has not been filed is frivolous. Moreover, the information he seeks is not relevant to the relief sought in his motions for injunctive relief. The First Motion is denied.

The Second Motion seeks a subpoena directing the BOP to produce "a copy of the video record of the August 28, 2013 assault upon plaintiff." The plaintiff states that the video is necessary for the January 14th hearing. The Third Motion seeks a subpoena to compel an OIG Special Agent to testify at the hearing regarding the OIG's investigation of (1) allegations of abuse and retaliation against the plaintiff by the defendant, and (2) complaints concerning retaliation by ADX staff. The information sought by the plaintiff is not relevant to the limited issues to be addressed at the injunction hearing on January 14th hearing. The Second and Third Motions are denied.

In his Fourth Motion, the plaintiff lists 10 inmates he seeks to call as witnesses at the January 14th hearing. He states that the witnesses will testify that the defendant "told them the plaintiff was a snitch and incited violence against the plaintiff" or they were "set up, assaulted, or retaliated against at ADX by ADX staff and defendant in connection with a lawsuit or grievance against staff." The plaintiff also seeks testimony of two BOP officials "regarding the investigation of defendant Kasdon regarding abuse of, and retaliation against, plaintiff." The plaintiff seeks an order directing the BOP to make the witnesses available for the hearing.

Information regarding investigations of the defendant and information regarding other

inmates is not relevant to the limited issues which are the subject of the hearing. Moreover, although the plaintiff is proceeding *in forma pauperis*, he is not automatically entitled to the issuance of a subpoena. Burgess v. Andrews, 657 F.Supp. 1153, 1157 (W.D. N.C. 1987). A subpoena may be issued onluy if the request is reasonable. Therefore, the plaintiff must provide a detailed description of the expected testimony of any witness he seeks to subpoena and explain why the testimony is relevant to subject matter of the January 14th hearing. The Fourth Motion is denied.

Finally, an inmate at ADX, Mikeal Glenn Stine, has filed a letter in this case. Mr. Stine may not file materials in this case. The letter is stricken.

IT IS ORDERED:

(1)  The First, Second, Third, and Fourth Motions [Docs. ## 46, 49, 51, and 52] are DENIED;

(2)  The Clerk of the Court shall remove Doc. #52 from restricted status;

(3)  The letter from Mr. Stine [Doc. #54] is STRICKEN;

(4)  The plaintiff shall cease filing inappropriate motions; and

(5)  Failure to comply with this order may result in sanctions, including dismissal of this case with prejudice.

Dated November 12, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge