IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

CASDEN, FNU,

Defendant.

_____

# ORDER
_____

This matter arises on the following materials filed by the plaintiff:

(1)  **Motion to Supplement** [Doc. #60, filed 11/13/2013] (the "First Motion");

(2)  **Motion to Compel and for Sanctions** [Doc. #62, filed 11/15/2013] (the "Second Motion");

(3)  **Motion to Strike** [Doc. #64, filed 11/15/2013] (the "Third Motion");

(4)  **Motion for Reconsideration of Order** [Doc. #67, filed 12/02/2013] (the "Fourth Motion"); and

(5)  A letter filed by Mikeal Glenn Stine [Doc. #68, filed 12/04/2013].

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX").  He filed his Prisoner Complaint on May 28, 2013 [Doc. #1] (the "Complaint").

The plaintiff is an abusive filer and is well-known to the court.  He has filed at least 30 cases in this court over the last five years and numerous cases in other federal district courts.

The plaintiff's abusive filing history is addressed in Document #5, and is obvious from Attachment A to the Complaint [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations in the Complaint that the defendant (1) disconnected his sink and toilet for at least four days; (2) confiscated the plaintiff's asthma inhalers causing breathing difficulties for four days and inability to eat; and (3) sexually assaulted him.

On October 17, 2013, the plaintiff filed a motion for injunctive relief [Doc. #34]. The plaintiff alleges that on September 27, 2013, the defendant refused to provide him with medical care and threatened to have him murdered in retaliation for filing lawsuits against her and other BOP staff. On October 21, 2013, I set the matter for a hearing on January 14, 2014, to address these limited issues [Doc. #41].

## First Motion  [Doc. #60]

In his First Motion, the plaintiff states that since October 21, 2013, he has only received one piece of mail--the Minute Order setting the hearing on his motion for injunctive relief [Doc. #41]. He states that two ADX officials informed him that the defendant and others were

2

withholding his mail "to send a message" to him.  The plaintiff's allegations are belied by the record, and I find them incredible.

The First Motion is dated November 11, 2013.  The docket sheet reflects that from October 21 to November 11, 2013, the court issued a recommendation and an order (Docs. ## 44 and 45); the plaintiff submitted five filings; another inmate, Mr. Stine, filed a letter to the court; and the defendant filed a response to the plaintiff's motion for injunctive relief and a motion to strike Mr. Stein's letter.  The plaintiff has filed objections to the recommendation [Doc. #50] and has moved to strike the defendant's response to his motion for injunctive relief [Doc. #64].  Contrary to the assertions in his First Motion, the plaintiff received mail served on him from October 21 to November 11, 2013.  The First Motion is DENIED.

## Second Motion [Doc. #62]

In his Second Motion, the plaintiff seeks an order to compel all information obtained by a subpoena issued by the defendant's attorney.  He also seeks sanctions against the defendant for failing to disclose the documents to him.  The defendant's counsel represents that she served the plaintiff with a copy of the documents produced in response to the subpoena on November 6, 2013.  *Defendant's Response to Plaintiff's "Motion to Compel and for Sanctions" [Doc. #75, p. 3.*  The Second Motion is denied.

## Third Motion [Doc. #63]

The Third Motion seeks an order striking the defendant's response [Doc. #55] to his motion for injunctive relief [Doc. #34] on the grounds that defendant's counsel authorized the prison to seize it.  He states that "[b]ecause defense counsel has caused this, the document has not been served as required by F. R. Civ. P. 5 and must be stricken."

The plaintiff attaches to the Third Motion a declaration dated November 12, 2013. He declares under penalty of perjury that on November 12, 2013, Counselor Cedeno came to his cell and said that attorney Kaitlin Turner directed him to give a package mailed to the plaintiff on November 8th to SIS Tech Vargas. Vargas confiscated the package because it was a "security threat" containing other inmate and staff names. Vargas stated that the plaintiff would be disciplined if he received anything similar.

The plaintiff's allegations are incredible. The plaintiff alleges that Cedeno gave the package to Vargas instead of delivering it to the plaintiff, but the plaintiff knows that the package contained the defendant's response to his motion for injunctive relief. Moreover, inmate Mikael Glenn Stine, one of the plaintiff's tendered witnesses, filed a letter [Doc. #68] responding to one of the arguments in the defendant's response.

Contrary to plaintiff's assertions, attorney Kaitlin Turner is not defendant's counsel. Defendant is represented by Assistant United States Attorney Marcy Cook. Ms. Turner is employed by the Federal Bureau of Prisons Legal Center. See *Documents # 13 and 19*.

Ms. Cook certified that she served the response on the plaintiff on November 8, 2013, via United States mail [Doc. #55]. Counselor Cedeno declares that he did not give any of the plaintiff's mail to Vargus. He further declares that on November 14, 3013, he delivered to the plaintiff a piece of mail from Ms. Cook. *Defendant's Response to Plaintiff's "Motion to Strike"* [Doc. #76-1]. SIS Tech Vargas declares that no one authorized her to seize the response; she did not seize the response; Counselor Cedeno did not give her the plaintiff's incoming mail; she has not rejected any of the plaintiff's mail based on it containing other inmate or staff names; and she has never threatened to discipline the plaintiff for receiving mail that required rejection. Id. at

4

Doc. #76-2.

I find incredible the plaintiff's allegations. In addition, the Third Motion is another example of the plaintiff's abusive litigation tactics. The Third Motion is denied.

### Fourth Motion [Doc. #67]

On November 12, 2013, I denied the plaintiff's request for numerous subpoenas, including his request to call ten inmates as witnesses at the hearing on his motion for injunctive relief. In doing so, I stated in part:

> A subpoena may be issued only if the request is reasonable. Therefore, the plaintiff must provide a detailed description of the expected testimony of any witness he seeks to subpoena and explain why the testimony is relevant to subject matter of the January 14th hearing.

*Order issued November 12, 2013* [Doc. #58], p. 4.

In his Fourth Motion, the plaintiff seeks reconsideration of my order denying his request to subpoena ten witnesses. He summarily states that "[e]ach witness is sought to testify about statements made to them by the defendant to incite violence against the plaintiff." He does not provide a detailed description of the expected testimony of each witness. Therefore, he has failed to follow my order, and his request for reconsideration of my order is inappropriate.[1] The Fourth Motion is denied.

### Letter filed by Mikeal Glenn Stine [Doc. #68]

Mr. Stine filed his first letter in this case on January 5, 2013. I struck the letter [Doc. #58] and stated that "Mr. Stine may not file materials in this case." Mr. Stine's current letter is

---

[1] I have previously ordered the plaintiff to cease filing inappropriate motions in this case (and all of his cases). *Order issued November 12, 2013* [Doc. #58]; *Order issued November 14, 2013, in Civil Action No. 13-cv-00749-RM-BNB* [Doc. #55].

5

stricken, and any future filings by Mr. Stine will be stricken without notice.

IT IS ORDERED:

(1) The First, Second, Third, and Fourth Motions [Docs. ## 60, 62, 64, and 67] are DENIED;

(2) The letter from Mr. Stine [Doc. #68] is STRICKEN;

(3) The plaintiff shall cease filing inappropriate motions in this case (and all other cases), and his failure to comply with this requirement will result in my recommendation to dismiss this case with prejudice, and may result in the imposition of filing restrictions.

Dated December 20, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge