IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

KASDON, FNU,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the plaintiff's **Motion for Emergency Hearing** [Doc. #63, filed 11/15/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"). The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g) because he is an abusive filer.[1]

In his Motion, the plaintiff seeks an order setting an emergency hearing "due to a brutal assault upon plaintiff, threats, and plaintiffs [sic] seperation [sic] from the inmate assisting him in this case in retaliation for a previous motion." The plaintiff requests that the court "ask the FBI to investigate the assault." I construe the Motion as a request for injunctive relief.

---

[1] The plaintiff's abusive filing history is addressed in Civil Action No. 13-cv-01384-RM-BNB, Document #5, and is obvious from Attachment A to the Complaint in that case [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

I have previously recommended denial of two of the plaintiff's requests for injunctive relief. In doing so, I stated:

> Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.
>
> The plaintiff does not meaningfully discuss the Lundgrin factors. Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief.

*Recommendation of United States Magistrate Judge issued October 22, 2013* [Doc. #44].

Despite my detailed recitation of the requirements the plaintiff must meet to establish a right to injunctive relief, the plaintiff's current Motion for injunctive relief does not discuss any of them.[2] Accordingly,

I respectfully RECOMMEND that the plaintiff's Motion for Emergency Hearing [Doc. #63] be DENIED.[3]

---

[2] I have previously ordered the plaintiff to cease filing inappropriate motions in all of his cases. *Order issued November 12, 2013* [Doc. #58]; *Order issued November 14, 2013, in Civil Action No. 13-cv-00749-RM-BNB* [Doc. #55].

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-

Further, it is ORDERED that the plaintiff shall cease filing inappropriate motions in this case (and all other cases).  Failure to comply with this order will result in my recommendation to dismiss this case with prejudice and may result in the imposition of filing restrictions.

Dated December 20, 2013.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge

---

48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).