IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

CASDEN, FNU,

Defendant.

---

# ORDER

---

This matter arises on the following motions (the "Motions") filed by the plaintiff:

(1) **Motion for Sanctions** [Doc. #74, filed 12/10/2013]; and

(2) **Second Motion for Sanctions** [Doc. #78, filed 12/16/2013] (the "Second Motion").

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on May 28, 2013 [Doc. #1] (the "Complaint").

The plaintiff is an abusive filer and is well-known to the court. He has filed at least 30 cases in this court over the last five years and has filed numerous cases in other federal district courts. The plaintiff's abusive filing history is addressed in Document #5, and is obvious from Attachment A to the Complaint [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations in the Complaint that the defendant (1) disconnected his sink and toilet for at least four days; (2) confiscated the plaintiff's asthma inhalers causing breathing difficulties for four days and inability to eat; and (3) sexually assaulted him.

The Motions are inappropriate. The plaintiff seeks sanctions against a nonparty for allegedly tampering with his mail. Relief against a nonparty is not available. Moreover, the plaintiff may not use this lawsuit to raise allegations that should be raised first through the prison's administrative remedy process and then, if appropriate, as a separate lawsuit.

IT IS ORDERED:

(1)   The Motions [Docs. ## 74 and 78] are DENIED; and

(2)   The plaintiff shall cease filing inappropriate motions in this case (and all other cases), and his failure to comply with this requirement will result in my recommendation to dismiss this case with prejudice, and may result in the imposition of filing restrictions.

Dated January 15, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge