IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

KASDON,

Defendant.

---

# ORDER

---

Before me are the following motions filed by the plaintiff, which are DENIED:

(1) **Motion for Reconsideration** [Doc. #86, filed 01/09/2014]; and

(2) **Motion to Supplement** [Doc. #90, filed 01/14/2014].

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on May 28, 2013 [Doc. #1] (the "Complaint").

The plaintiff is an abusive filer and is well-known to the court. He has filed at least 30 cases in this court over the last five years and numerous cases in other federal district courts. The plaintiff's abusive filing history is addressed in Document #5, and is obvious from Attachment A to the Complaint [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations in the Complaint that the defendant (1) disconnected his sink and toilet for at least four days; (2) confiscated the plaintiff's asthma inhalers causing breathing difficulties and an inability to eat; and (3) sexually assaulted him.

On October 17, 2013, the plaintiff filed a motion for injunctive relief [Doc. #34] alleging that on September 27, 2013, the defendant refused to provide him with medical care and threatened to have him murdered in retaliation for filing lawsuits against her and other BOP staff. I held a hearing on January 14, 2014, to address the motion for injunctive relief.

The plaintiff seeks to supplement his motion for injunctive relief with a declaration that he suffers from mental illness and wants to commit suicide. The declaration is not relevant to the motion for injunctive relief. The Motion to Supplement is denied.[1]

The plaintiff also seeks reconsideration of my order [Doc. #81] denying his motion to compel [Doc. #62]. In the motion to compel, the plaintiff sought an order compelling all information obtained by a subpoena issued by the defendant's attorney. He also sought sanctions against the defendant for failing to disclose the documents to him. The defendant's

---

[1] During the hearing, the plaintiff voiced his desire to commit suicide. Counsel for the defendant assured the court that she and the defendant would cause the plaintiff to be evaluated before he was returned to his cell.

counsel responded that she served the plaintiff with a copy of the documents produced in response to the subpoena on November 6, 2013. *Defendant's Response to Plaintiff's "Motion to Compel and for Sanctions"* [Doc. #75], p. 3. On that basis, I denied the plaintiff's motion to compel.

The plaintiff seeks reconsideration of my order because I did not consider the reply he filed. The plaintiff filed his motion to compel on November 15, 2013 [Doc. #62]. I ordered the defendant to respond on or before December 16, 2013, and I stated that no reply would be accepted without leave of court [Doc. #72]. The defendant filed her response on December 13, 2013 [Doc. #75], and I denied the motion to compel on December 20, 2013 [Doc. #81]. The plaintiff filed a reply in support of his motion to compel on December 20, 2013 [Doc. #83]. Contrary to my order, he did not seek leave of court to file a reply. Moreover, the court can rule on a motion at any time after it is filed- -without waiting for a response or a reply. D.C.COLO.LCivR 7.1(d).

The plaintiff also argues that the documents produced to him were confiscated because they contained a video. However, the plaintiff testified at the hearing on January 14, 2014, that he had viewed the video. The plaintiff's is request for reconsideration of my order is inappropriate, and the Motion for Reconsideration is denied.

IT IS ORDERED:

(1) The Motion for Reconsideration [Doc. #86] is DENIED;

(2) The Motion to Supplement [Doc. #90] is DENIED; and

(3) The plaintiff shall cease filing groundless and/or inappropriate motions in this case (and all others), and his failure to comply with this requirement will result in my

recommendation to dismiss this case with prejudice, and may result in the imposition of filing restrictions.

Dated February 7, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge