IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

KASDON,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER**

---

This matter arises on the plaintiff's **Verified Emergency Motion for Temporary Restraining Order/Preliminary Injunction and or Protective Order** [Doc. #34, filed 10/17/2013] (the "Emergency Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on May 28, 2013 [Doc. #1] (the "Complaint").

The plaintiff is an abusive filer and is well-known to the court. He has filed at least 30 cases in this court over the last five years and has filed numerous cases in other federal district

courts. The plaintiff's abusive filing history is addressed in Document #5, and is obvious from Attachment A to the Complaint [Doc. #1, pp. 9-14] which lists approximately 125 previous cases filed by the plaintiff.

The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations in the Complaint that the defendant, Dr. Kasdon, (1) disconnected his sink and toilet for at least four days; (2) confiscated the plaintiff's asthma inhalers causing breathing difficulties and an inability to eat; and (3) sexually assaulted him.

In his Emergency Motion, the plaintiff states that on September 27, 2013, he requested mental health treatment from Dr. Kasdon, but she refused to provide the treatment and threatened to have him murdered. *Emergency Motion*, pp. 2-3. In a declaration attached to his Emergency Motion, the plaintiff states under penalty of perjury the following:

> On or about September 27, 2013, I attempted to see (talk) to Dr. Kasdon. And she immediately replied "I'm not doing anything for inmates whom [sic] file lawsuits against BOP staff and me, and that means you Mr. Pinson. The only thing I'll do for you Pinson is when I find the right person is pay them to kill you.["] And walked off from my cell denying me any treatment for my suicide thoughts etc. or mental illness.

*Emergency Motion*, p. 14.

The plaintiff also attached to his Emergency Motion the declaration of inmate Mikeal Stine, who claims to have witnessed Dr. Kasdon's threat "with [his] own ears" and "with [his] own eyes."[1] Id. at p. 12. Mr. Stine states under penalty of perjury that:

> Inmate Pinson whom [sic] is in cell number (9) ingaged [sic] conversation with Dr. Kasdon and Dr. Kasdon immediately reacted hostile toward inmate Pinson stating I'm not doing anything for inmates whom [sic] file lawsuits against BOP staff and myself and that means you Mr. Pinson. The only thing I'll do for you is when I find the right person is pay them to kill you and walked off from Mr. Pinson's door making statements I could not make out because they were mumbled statements.

Id.

The plaintiff seeks injunctive relief in the form of adequate mental health care and an order prohibiting BOP staff from threatening , assaulting, or retaliating against him or his "inmate witnesses." Id. at p. 9. I construe the Emergency Motion as a motion for injunctive relief, not as a motion for a protective order.

On January 14, 2014, I held a hearing on the Emergency Motion. I make the following findings of fact based on the evidence:

1. At all times pertinent to the allegations of the Emergency Motion, the plaintiff was housed in cell 109 on Unit D, Range 5. *Transcript of Hearing on Emergency Motion* ("Transcript"), 75:13-16.

2. Dr. Kasdon is a clinical psychologist at ADX. Id. at 59:18-2369:25-70:1. She is responsible for making rounds on the D and K units. Id. at 71:20-21. She also provides

---

[1]Mr. Stine is subject to strict filing restrictions because of his abusive litigation conduct, including a long history of making false statements in submissions and lying under oath. Civil Action No. 07-cv-01839-WYD-KLM [Docs. ## 344 and 350].

individual therapy to inmates. Id. at71:24-72:23. She provided individual therapy to the plaintiff one time, at his request, but she is not the plaintiff's primary care psychologist. Id. at 59:24-60:11; 72:24-73:14.

3. On September 27, 2013, Senior Officer Specialist Chad Manes and Officer Robert Shockey accompanied Dr. Kasdon while she made her rounds on the plaintiff's housing range. Dr. Kasdon requested that Officers Manes and Shockey accompany her because of allegations the plaintiff has made against her and for her personal protection because the plaintiff has made statements about her well-being and safety. Id. at 58:6-14; 73:15-74:9; 93:6-12.

4. There are 12 cells on Range 5. Dr. Kasdon entered the range and walked to the end so that she could start her rounds at cell 112. She spoke to several inmates while making her rounds, and visually observed the inmates that did not want to speak to her, including the plaintiff. Id. at 74:10- 75:3; 77:19-84:10; Defendant's Exs. B and C.

5. Dr. Kasdon did not speak to the plaintiff while she was on the range; the plaintiff did not speak to her; she did not say anything about the plaintiff to any other inmates; and she did not make any threat to any inmate. *Transcript*, 58:15-25:66:4-68:1; 85:16-91:2; 91:20-22; 98:13-22; 101:3-18; 104:12-23; Defendant's Exs. A, B, and C.

6. Dr. Kasdon did not refuse to provide the plaintiff with mental health treatment. *Transcript*, 91:3-19; 92:10-20.

The plaintiff seeks both a temporary restraining order and a preliminary injunction. Where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004). The plaintiff seeks both a mandatory injunction and an injunction that

would disturb the status quo.[2] Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

The testimony of Dr. Kasdon and Officers Manes and Shockey was credible. The plaintiff's allegations and testimony, however, were wholly incredible. Moreover, his filing of the Emergency Motion constitutes abusive litigation conduct.

In particular, the initial statements by the plaintiff's and Mr. Stine indicated that Dr. Kasdon was outside of the plaintiff's cell door when she allegedly refused to provide treatment and threatened to have him murdered. At the hearing, by contrast--after the plaintiff viewed the video tapes which showed that Dr. Kasdon neither stopped at the plaintiff's cell nor spoke to him while she was making her rounds--the plaintiff changed his story and testified that Dr. Kasdon made the statements while she was in front of the neighboring cell. Id. at 6:13-25. The plaintiff's testimony was self-serving and unbelievable, especially in light of all of the evidence to the contrary.

Consequently, the plaintiff has failed to meet his burden to establish that he will suffer irreparable injury if an injunction does not issue. Because the plaintiff has not established irreparable harm, I need not address the remaining requirements for injunctive relief. Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004) ("[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance

---

[2]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d at 1099. Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100. "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered") (internal quotations and citation omitted).

I respectfully RECOMMEND that the plaintiff's Verified Emergency Motion for Temporary Restraining Order/Preliminary Injunction and or Protective Order [Doc. #34] be DENIED.[3]

Further, it is ORDERED that the plaintiff shall cease filing groundless and/or inappropriate motions in this case (and all others). Failure to comply with this order will result in my recommendation to dismiss this case with prejudice and may result in the imposition of filing restrictions.

Dated February 7, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).