**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

    Plaintiff,

v.

KASDON,

    Defendant.

---

## ORDER

---

    Plaintiff Jeremy Pinson ("Plaintiff") is a federal inmate currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"). This matter is before the Court on several motions filed by Plaintiff, as well as on three distinct Recommendations issued by Magistrate Judge Boland. The first ("Recommendation One") (ECF No. 44) recommends that Plaintiff's Motions for a Protective Order and for a Preliminary Injunction respectively be denied (ECF Nos. 22 and 27). The second ("Recommendation Two") (ECF No. 82) recommends that Plaintiff's Motion for an Emergency Hearing (ECF No. 63) be denied. The third ("Recommendation Three") (ECF No. 99) recommends that Plaintiff's Verified Emergency Motion (ECF No. 34) be denied. As explained further below, the Court ADOPTS each of the recommendations issued by Judge Boland, and OVERRULES all objections from Plaintiff. Plaintiff filed a Motion for Reconsideration and Leave to Amend (ECF No. 16) which is also DENIED as explained herein.

1

## I.     LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Conclusory allegations of constitutional violations, unsupported by allegations of fact, do not state a claim on which relief can be granted. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

To obtain a preliminary injunction under Rule 65(a), Plaintiff must normally show that there is a "(1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest." *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

However, certain types of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991). These "must be more closely scrutinized to assure that the exigencies of the case supporting the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

## II.    FACTS AND PROCEDURAL HISTORY

The Court adopts and incorporates the factual and procedural history included within the Recommendations as if set forth herein. To the extent any additional facts are necessary for the Court's resolution of this matter, such facts are set forth below.

Plaintiff initiated this action by filing a *pro se* complaint against various BOP employees and representatives asserting various claims for constitutional violations and for retaliation (the "Complaint"). (ECF No. 1.) Initially, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") by Order of Magistrate Judge Boland. (ECF No. 4.) In a subsequent Order, however, Judge Boland noted that "Mr. Pinson, on three or more prior occasions, has brought an action

that was dismissed on the grounds that it was frivolous." (ECF No. 5 at 2.) Attachment A to the Complaint, which constitutes a list of approximately 125 previous cases filed by Plaintiff, demonstrates Plaintiff's filing history. Because of this, pursuant to 28 U.S.C. § 1915(g), Plaintiff was precluded from IFP status "unless the prisoner is under imminent danger of serious physical injury." Accordingly, Judge Boland clarified that "Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous" and dismissed certain of Plaintiff's claims as "legally frivolous." (ECF No. 5 at 2, 5.) Judge Boland only allowed claims permitted by § 1915(g) to go forward—specifically, claims against BOP psychologist Dr. Bethany Kasdon "regarding (1) the disconnection of the sink and toilet for at least four days; (2) the confiscation of Mr. Pinson's asthma inhalers causing breathing difficulties for four days and inability to eat; and (3) the sexual assault." (*Id*. at 5.)

Plaintiff attempted to amend his Complaint at that point, but his Amended Complaint was stricken by Order of Judge Boland on July 29, 2013, for failing to seek leave of court as required by Fed. R. Civ. P. 15(a)(2). (ECF No. 12.) This was of particular importance given the limitations on the types of claims Plaintiff could pursue given his "three strikes" status under 28 U.S.C. § 1915. In response to that ruling, rather than complying with the directions in Judge Boland's Order, Plaintiff filed a Motion for Reconsideration and Leave to Amend (ECF No. 16), which essentially argued that his Amended Complaint should have been allowed. That motion is addressed further herein.

Thereafter, Plaintiff filed the various motions for injunctive and emergency relief which are the subject of the Recommendations. On October 22, 2013, Judge Boland filed Recommendation One, (ECF No. 44) recommending that Plaintiff's Motion for a Protective

Order (ECF No. 22) and Motion for Preliminary Injunction (ECF No. 27) be denied. The Motion for Protective Order, despite its caption, sought injunctive relief prohibiting Defendant from threatening Plaintiff. The Motion for Preliminary Injunction sought a preliminary injunction—not against Defendant, but rather against her employer—prohibiting the BOP from interfering with his mail. Judge Boland denied these motions on the basis that Plaintiff's motions failed to address the *Lundgrin* factors, 619 F.2d at 63. Plaintiff filed an Objection to this Recommendation on November 4, 2013. (ECF No. 50.) The purported objection did not disagree with the failure to address the *Lundgrin* factors; instead, it argued that Plaintiff should be permitted to orally address the factors at a hearing scheduled on a different motion.

On December 20, 2013, Judge Boland filed Recommendation Two, recommending that Plaintiff's Motion for Emergency Hearing (ECF No. 63) be denied. Judge Boland denied the motion, again based on Plaintiff's failure to meaningfully address the relevant factors warranting a preliminary injunction. (ECF No. 82.) On January 14, 2014, Plaintiff filed a Motion to Supplement (ECF No. 90) his motion for preliminary injunction, which was denied (ECF No. 98). To date, Plaintiff has filed nothing that could properly be considered objections to Magistrate Judge Boland's Recommendation Two.

On February 7, 2014, Judge Boland filed Recommendation Three, addressing Plaintiff's Verified Emergency Motion for Temporary Restraining Order (ECF No. 24), filed October 17, 2013. This motion, unlike the earlier ones, did address the *Lundgrin* factors directly. It alleged denial of medical treatment and threats of physical injury by Dr. Kasdon. Judge Boland held a hearing on this motion and heard testimony. Thereafter, Judge Boland recommended that the

motion be denied. (ECF No. 99.) Plaintiff filed objections to Recommendation Three on February 24, 2014.

### III. DISCUSSION

*A.     Recommendation One (ECF No. 44)*

In Plaintiff's Motion for a Protective Order, he alleged that Defendant Kasdon told him that "because of that lawsuit against me I'm going to stop your transfer asshole." (ECF No. 22 at 1.) Plaintiff requested an order "prohibiting the parties from threatening other parties and or witnesses in this case." (*Id*. at 2.) In Plaintiff's first Motion for Preliminary Injunction, he alleged that he was prevented from sending a letter seeking legal representation by the BOP. (ECF No. 27.)

Both of these motions seek injunctive relief, and as such, the burden is on the movant to establish his right to the requested relief. *Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir.1975). As outlined above, Plaintiff must demonstrate the four factors as laid forth in *Lundgrin*: (1) likelihood of success on the merits; (2) imminent and irreparable injury if the injunction does not issue; (3) that the threatened injury outweighs whatever damage the injunction would cause; and (4) that the injunction would not be adverse to the public interest. In Recommendation One, Judge Boland found that Plaintiff's minimalist and summary motions were deficient in that they failed to "meaningfully discuss the *Lundgrin* factors." (ECF No. 44 at 2.) This Court agrees—neither motion contains any specific contentions going to any of the four factors as set forth above. Thus, the motions fail to establish any entitlement to the relief requested.

As for Plaintiff's Objection, it barely qualifies as such. Plaintiff did not challenge the basis of the Recommendation. Instead, he sought to dictate Plaintiff's preferred procedure to the Court. Plaintiff asked for an opportunity to present oral argument on the *Lundgrin* factors at a hearing before Judge Boland, "because the defect cited (a failure to meaningfully argue) can be remedied in less than 5 minutes at the hearing." (ECF No. 50 at 1-2.) This Objection did not address any of the *Lundgrin* factors, or the propriety of requiring pleadings focused on the *Lundgrin* factors. Nor did it suggest that Judge Boland had failed to apply the correct standard in Recommendation One. Thus, the Court finds that the Objection does not offer specific objections that would allow the "district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *2121 East 30th Street*, 73 F.3d at 1059. Recommendation One correctly held Plaintiff to the applicable legal standard. The Objection is overruled, and Recommendation One is adopted.

B.   *Recommendation Two (ECF No. 82)*

In Plaintiff's Motion for Emergency Hearing, Plaintiff asked for "an emergency hearing earlier than the Jan. 14, 2014 hearing currently scheduled…due to a brutal assault upon plaintiff, threats, and plaintiffs [separation] from the inmate assisting him in this case in retaliation for a previous motion." (ECF No. 63 at 1.) He also asked the FBI to investigate the assault. (*Id*.) These requests constituted the entirely of the one-paragraph motion.

In Recommendation Two, Judge Boland noted his previous recommendation, discussed above, and the fact that he had provided a "detailed recitation of the requirements the plaintiff must meet to establish a right to injunctive relief." (ECF No. 82 at 2.) Despite this recitation, Judge Boland noted that "the plaintiff's current Motion for injunctive relief does not discuss any

7

of them." (*Id*.)  Thus, on the same bases on which Recommendation One was issued, Judge Boland denied the motion.  Recommendation Two also advised Plaintiff that he had 14 days to file objections, but no objections to this recommendation were ever filed.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  Thus, Recommendation Two is adopted.

C.      *Recommendation Three (ECF No. 99)*

Recommendation Three addressed Plaintiff's Verified Emergency Motion for Temporary Restraining Order/Preliminary Injunction and or Protective Order (ECF No. 34). In Plaintiff's motion, he states that on September 27, 2013, he requested mental health treatment from Dr. Kasdon, but she refused to provide it and, further, threatened him.  Judge Boland held a hearing on this motion on January 14, 2014, and received evidence and argument from Plaintiff and Defendant, including testimony and a video of the purported critical events, and made findings of fact afterwards.  He found that "Dr. Kasdon did not speak to the plaintiff…she did not make any threat to any inmate…[and she] did not refuse to provide the plaintiff with mental health treatment."  (ECF No. 99 at 4.)  He also concluded that "plaintiff's allegations and testimony…were wholly incredible…his filing of the Emergency Motion constitutes abusive litigation conduct."  (*Id*. at 6.)  Judge Boland recommended that Plaintiff's motion be denied, and

8

ordered that "plaintiff shall cease filing groundless and/or inappropriate motions in this case (and all others). Failure to comply with this order will result in my recommendation to dismiss this case with prejudice and may result in the imposition of filing restrictions." (*Id*. at 7.)

Plaintiff filed an Objection to the Report and Recommendation. (ECF No. 104.) Plaintiff objected to certain findings of fact made by Judge Boland (objections 1-3, 5). As to these matters, the Court has conducted a *de novo* review and concludes that Judge Boland's view of the facts is both amply supported by the record and the testimony at the hearing. Plaintiff's fourth objection takes issue with Judge Boland's characterization of the motion as "abusive litigation conduct," claiming the meaning of this term was not explained in the Recommendation. (ECF No. 104 at 2.) The Court disagrees that this characterization was "not explained" and thinks that the frequency of Plaintiff's filings, combined with the testimony at the hearing before Judge Boland, is more than adequate support for Judge Boland's characterization. Plaintiff's sixth objection argues that Judge Boland "improperly excluded inmate witnesses and Government agents" but does not explain on what legal basis he bases his objection. Instead, Plaintiff focuses solely on the fact of exclusion, without even a suggestion as to how such witnesses' testimony may have affected the ruling on Plaintiff's motion. (*Id*. at 2.) Moreover, the order excluding the witnesses was entered well before the hearing and there was no objection made to that order. (ECF No. 58.)[1] Plaintiff's seventh objection (and part of his fourth) consists of further allegations of the bias of Judge Boland, which this Court finds to be frivolous. Adverse rulings do not equal bias.

---

[1] Plaintiff did file a Motion for Reconsideration of Order (ECF No. 67), which was denied by Judge Boland (ECF No. 82.)

Having conducted a *de novo* review, the Court overrules Plaintiff's Objection and adopts Recommendation Three.

D.      *Motion for Reconsideration and Leave to Amend*

In his Motion for Reconsideration and Leave to Amend, Plaintiff objects to Judge Boland's Order striking his amended complaint. Plaintiff argues that "the Order…is improper because all of the technical deficiencies cited were answered in the Amended Complaint. The proposed amendments were to provide great detail in factual allegations against the defendants, to add defendants whose identities were previously unknown, and to supplement the original complaint." (ECF No. 16 at 1.) He goes on to allege that referring to Plaintiff's filing history as "abusive" constitutes "further evidence of…barely concealed animus towards inmate litigants. If numerosity alone determined the character of a litigant the U.S. Attorney's Office, law firms and major corporations who file lawsuits frequently would all be bad actors." (ECF No. 16 at 2-3.) Plaintiff's seeming creativity aside, his objection wholly misses the point of Judge Boland's Order striking the Amended Complaint. (ECF No. 12.) Plaintiff's Objection focuses on his contention that he corrected various deficiencies of the Complaint in the Amended Complaint. But the Amended Complaint was not stricken based on Plaintiff's failure to cure deficiencies. It was stricken for failure to comply with Fed. R. Civ. P. 15(a). The actual basis on which the Amended Complaint was stricken was neither commented upon nor objected to by Plaintiff. Thus, although appearing to have "objected" to Judge Boland's order, he has not done so in any proper manner.

Even upon a *de novo* review, the Order was both appropriate and legally sound. The Order is therefore adopted, and the objection overruled.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that:

1. The Magistrate Judge's October 22, 2013 Recommendation (ECF No. 44) is ADOPTED;

2. The Magistrate Judge's December 20, 2013 Recommendation (ECF No. 82) is ADOPTED;

3. The Magistrate Judge's February 7, 2014 Recommendation (ECF No. 99) is ADOPTED;

4. Plaintiff's Objections to these Recommendations (ECF Nos. 50, 104) are OVERRULED;

5. The following Motions filed by Plaintiff are hereby DENIED: Motion for Reconsideration and Leave to Amend (ECF No. 16); Motion for A Protective Order (ECF. No. 22); Motion for Preliminary Injunction (ECF No. 27); Verified Emergency Motion for Temporary Restraining Order (ECF No. 34); Motion for Hearing/Conference (ECF No. 63).

Dated this 28th day of February, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge