IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01384-RM-BNB

JEREMY PINSON,

Plaintiff,

v.

KASDON,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion for Summary Judgment Based on Exhaustion** [Doc. #101, filed 02/18/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Prison, Administrative Maximum, in Florence, Colorado ("ADX"). He filed his Prisoner Complaint on May 28, 2013 [Doc. #1] (the "Complaint"). The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has been assessed three strikes under 28 U.S.C. § 1915(g) because he is an abusive filer.[1] Section 1915(g) provides:

---

[1]The plaintiff's abusive filing behavior is addressed in detail in a separate recommendation to impose filing restrictions on the plaintiff [Doc. #111].

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff was granted leave to proceed *in forma pauperis* [Doc. #15] based on allegations in the Complaint that the defendant, Dr. Kasdon, (1) disconnected his sink and toilet on May 6, 2013; (2) confiscated his asthma inhalers on May 6, 2013, causing breathing difficulties and an inability to eat; and (3) sexually assaulted him on May 9, 2013.

The defendants argue that the Complaint should be dismissed because the plaintiff failed to exhaust administrative remedies. Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a), which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,[2] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, money damages, or both. Booth v. Churner, 532 U.S. 731 (2001). There, the Supreme Court stressed that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

---

[2] The PLRA's exhaustion requirement also applies to Bivens claims. See Yousef v. Reno, 254 F.3d 1214, 1216 (10th Cir. 2001).

The administrative remedies available to an inmate seeking review of issues which relate to any aspect of confinement are found in Title 28 of the Code of Federal Regulations, entitled Administrative Remedy Program. The Administrative Remedy Program generally requires that an inmate first attempt to reach an informal resolution of his complaint. 28 C.F.R. § 542.13. If that effort is unsuccessful, an inmate may seek formal review by the Warden by filing a formal Administrative Remedy Request (BP-9) within 20 days of the event giving rise to the grievance. Id. at §§ 542.10, 542.14. Thereafter:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

To exhaust administrative remedies, a federal prisoner must complete all three formal steps by filing an administrative remedy request with institution staff, followed by regional and national appeals. 28 C.F.R. §§ 542.14 - 542.15.

The defendant provides undisputed evidence that the plaintiff did not submit any Requests for Administrative Remedies complaining that Dr. Kasdon (or any other staff member) disconnected his sink and toilet and confiscated his asthma inhalers. *Motion*, Ex. A-1, ¶ 7(f).

The defendant also provides undisputed evidence demonstrating the following:

(1) On May 1, 2013, the plaintiff attempted an informal resolution of his request to transfer to a psychology treatment program called STAGES. The informal resolution request states:

> Dr. Jennifer Coulter referred me to the STAGES Psychology Treatment Program and recommended individualized therapy while at ADX. I have received neither a transfer to the STAGES Program nor regular therapy.

*Motion*, Ex. A-1, Attachment 3, p. 3; *Response to Motion for Summary Judgment Based on Exhaustion* [Doc. #106] (the "Response"), Ex. 1, Attachment A; *Defendant's Reply Supporting Motion for Summary Judgment Based on Exhaustion* [Doc. #107] (the "Reply"), Ex. A-1, ¶ 13 and Attachment 4.

(2) On May 10, 2013, the plaintiff submitted a BP-9 Request for Administrative Remedy (No. 735833-F1) to the Warden. The BP-9 states:

> Dr. Jennifer Coulter referred me to the STAGES Psychology Treatment Program and recommended individualized therapy while at ADX. I have received neither a transfer nor am I receiving regular therapy because Dr. Casden [sic] continuously has sexually harrassed me. I request individual therapy by Dr. Coulter and a transfer to the STAGES Program.

*Motion*, Ex. A-1, ¶ 7(d)i and Attachment 3, p. 2; *Reply*, Ex. A-2, ¶ 13 and Attachment 5, p. 2.

(3) The plaintiff received a response to the BP-9 on July 16, 2013. *Motion*, Ex. A-1, ¶ 7(d)i and Attachment 3, p. 1.

(4) The plaintiff appealed the Warden's response to the Regional Office in an appeal dated July 24, 2013. He requested a transfer to the STAGES program and stated that "SIS has covered up Dr. Casden's [sic] actions and refused to refer them to the OIG." Id. at Ex. A-1, ¶ 7(d)ii and Attachment 4, p. 1.

(5)   The plaintiff received a response from the Regional Office on August 22, 2013. Id. at Ex. A-1, ¶ 7(d)ii and Attachment 4, p. 2.

(6)   The plaintiff appealed to the General Counsel; the appeal was received by the General Counsel on September 16, 2013; the plaintiff received a response from the General Counsel on December 12, 2013; and his remedy request was closed. Ex. A-1, ¶ 7(d)iii and iv (citing Attachment 2 and Attachment 5).

The defendant argues that the claims regarding disconnecting his sink and toilet and the confiscation of inhalers should be dismissed for failure to exhaust administrative remedies, and the sexual assault claim should be dismissed because the plaintiff filed this action on May 28, 2013, more than six months before he exhausted his administrative remedies regarding his sexual assault claim.[3]

In his Response, the plaintiff provides a declaration in which he states: (i) Request for Administrative Remedy No. 735833 did not address the events of May 6 through 9, 2013; (ii) from April 1, 2013, until September 2013, Counselor Darren Foster was "exclusively responsible" for providing him with Requests for Administrative Remedy forms; (iii) on May 13, 2013, he submitted an informal remedy request ("BP-8") addressing the events of May 6 through 9, 2013; and (iv) Counselor Foster came to his cell on May 14, 2013, "BP-8 in his hand, he angrily stated I was 'gonna be found dead one day' if I kept 'filing on shit like this' and then ripped the BP-8 into several pieces." *Response*, Ex. 1, ¶ 6. The plaintiff claims that "[g]iven the

---

[3] "Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." Ruppert v. Aragon, 448 Fed. Appx. 862, 863, (10th Cir. Feb. 9, 2012), *cert. denied*, 133 S.Ct. 137 (2012).

history of prisoner abuse at ADX, I was in fear for my life and filed a lawsuit on May 28, 2013, on the belief that once the issue was before a federal court, I would not be hurt unlike asking for another BP-8 which carried the grave threat hurled by Mr. Foster." Id. at ¶ 7. The plaintiff further claims "[h]ad I not been threatened I would have waited to exhaust my administrative remedies before filing the May 28, 2013 lawsuit." Id. at ¶ 8.

In the Reply, the defendant states that she mistakenly believed Request for Administrative Remedy No. 735833 raised and exhausted the plaintiff's sexual *assault* claim (as alleged in the Complaint). Because the Request for Administrative Remedy alleged "sexual *harassment*," however, she concedes that it does not exhaust the plaintiff's claim for "sexual *assault*." *Reply*, pp. 2-3, n. 2. The defendant argues that the plaintiff's claims still fail because he cannot establish that the administrative remedy process was unavailable to him. Id. at pp. 3-7.

Intimidation or threats by prison officials can render the administrative remedy process unavailable. Tuckel v. Grover, 660 F.3d 1249, 1252-53 (10th Cir. 2011). However, the inmate must show (1) "that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process," and (2) "that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust." Id. at 1254. "Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials." Id.

Pursuant to 28 C.F.R.§ 542.14 and BOP Program Statement 1330.17:

> If the inmate reasonably believes the issue is sensitive and the
> inmate's safety or well-being would be placed in danger if the

7

> Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d)(1); *Reply*, Ex. A-2, ¶ 5 and Attachment 2, p. 6.

The inmate may mail the "sensitive request directly to the Regional Director as Special Mail." 28 C.F.R. § 540.2(c); *Reply*, Ex. A-2, ¶ 6. Under BOP Program Statement 1330.17, allegations of inmate sexual abuse do not require an informal resolution attempt. In addition, "[a]dministrative remedies regarding allegations of sexual abuse may be filed at any time" and are not limited to the 20 day filing period applicable to other grievances. Third parties, including other inmates, staff members, family members, attorneys, and outside advocates are permitted to assist inmates in filing, or file on behalf of an inmate, grievances relating to allegations of sexual abuse. *Reply*, Ex. A-2, ¶¶ 7-9 and Attachment 2, pp. 13-14.

Although the plaintiff has previously utilized the option to submit a "Sensitive" request directly to the Regional Director, he did not avail himself of any of the available options regarding his allegations against the defendant, nor does he explain why he did not. Id. at Ex. A-2, ¶¶ 10-11. See also Saleh v. Wiley, Civil Action No. 09-cv- 02563-PAB-KLM, 2012 WL 4356219, *3 n.4 (D. Colo. Sept. 24, 2012) (noting that to the extent the inmate was arguing that he feared retaliation, he provided no explanation why he did not use "BOP's specially tailored administrative remedy [pursuant to 28 C.F.R. § 542.14(d)(1)] for confidential communications").

Moreover, although the plaintiff claims he was too intimidated to ask Mr. Foster for administrative remedy forms after May 14, 2013, it is undisputed that he submitted an appeal regarding his request for a transfer to the STAGES program on July 24, 2013, and that he has submitted 68 administrative remedy filings after May 6, 2013. At least 20 of the filings were submitted between May 15, 2013, and September 1, 2013. *Motion*, Ex. A-1, ¶¶ 5, 7 and Attachment 2; *Defendant's Reply Supporting Motion for Summary Judgment Based on Exhaustion*, Ex. A-2, ¶ 12 and Attachment 3.

The plaintiff has failed to meet his burden to show that Mr. Foster's alleged threat deterred him from filing further grievances and that remedies were unavailable to him as a result of intimidation by Mr. Foster. In addition, the plaintiff admits that he did not exhaust his administrative remedies as to all of his claims. Therefore, the claims must be dismissed.

A dismissal based on failure to exhaust should be without prejudice where the time for pursuing administrative remedies has not expired and the inmate can cure the defect by simply exhausting the available remedies. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003), *overruled on other grounds*. See also Mitchell v. Figueroa, No. 12-6051, 2012 WL 2877461 (10th Cir. July 16, 2012) (affirming the district court's grant of summary judgment to the defendants and dismissal of unexhausted claims without prejudice). The plaintiff is time-barred from filing a grievance on these issues. Therefore, the plaintiff's claims against Dr. Kasdon should be dismissed with prejudice.

I respectfully RECOMMEND that Defendant's Motion for Summary Judgment Based on Exhaustion [Doc. #101] be GRANTED and that the plaintiff's claims be DISMISSED WITH PREJUDICE.[4]

Dated March 27, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).