**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.  13-cv-01384-RM-BNB

JEREMY PINSON,

      Plaintiff,

v.

KASDON,

      Defendant.

---

**ORDER**

---

     Plaintiff Jeremy Pinson ("Plaintiff") is a federal inmate currently incarcerated by the

Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum

in Florence, Colorado ("ADX").  This matter is before the Court on two distinct

Recommendations issued by Magistrate Judge Boland, as well as on the Consolidated Motion to

Dismiss filed by Plaintiff (ECF No. 114).  The first of Judge Boland's Recommendations

("Recommendation One") (ECF No. 111) recommends that Plaintiff be sanctioned for his

abusive litigation conduct and that filing restrictions be imposed.  The second

("Recommendation Two") (ECF No. 112) recommends that Defendant's Motion for Summary

Judgment Based on Exhaustion (ECF No. 63) be granted.  Plaintiff filed a Consolidated Motion

to Dismiss (ECF No. 114), which is also addressed herein.

## I.      LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting

such review, "[t]he district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R.

Civ. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate

Judge's recommendations and specific enough to enable the "district judge to focus attention on

those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v.*

*2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S.

140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may

review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note

("When no timely objection is filed, the court need only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.").

Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for

Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil

Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a *pro se* complaint against multiple BOP personnel

asserting various claims for constitutional violations and for retaliation (the "Complaint").  (ECF

No. 1.)  Initially, Plaintiff was proceeding *in forma pauperis* ("IFP") by Order of Magistrate

Judge Boland.  (ECF No. 4.)  Subsequently, however, Senior U.S. District Court Judge Lewis T.

Babcock noted that "Mr. Pinson, on three or more prior occasions, has brought an action that was

dismissed on the grounds that it was frivolous."  (ECF No. 5 at 2.)  Because of this, pursuant to

28 U.S.C. § 1915(g), Plaintiff was precluded from proceeding on an IFP status "unless the

prisoner is under imminent danger of serious physical injury."  Accordingly, Judge Babcock

reviewed Mr. Pinson's claims under the appropriate standard, analyzed the issue of danger to Mr.

Pinson and  dismissed certain of his claims as "legally frivolous" pursuant to 28 U.S.C. §

1915(e)(2)(B)(i).  (ECF No. 5 at 2, 5.)

Judge Babcock only allowed claims permitted by § 1915(g) to go forward—specifically,

claims against BOP psychologist Dr. Bethany Kasdon "regarding (1) the disconnection of the

sink and toilet for at least four days; (2) the confiscation of Mr. Pinson's asthma inhalers causing

breathing difficulties for four days and inability to eat; and (3) the sexual assault." (*Id*. at 5.)

Plaintiff filed a series of motions in this Court asking for various forms of injunctive relief; these

were denied by Order of this Court upon previous recommendations by Judge Boland dated

February 28, 2014.  (ECF No. 105.)

### III. DISCUSSION

A.      *Recommendation One (ECF No. 111)*

As noted above, Recommendation One addresses the issue of whether filing restrictions

should be imposed on Mr. Pinson.  Recommendation One includes a thorough recitation of Mr.

Pinson's filing history both in this Court and others.  I will not repeat that history here, except

where doing so will assist in explaining the Court's reasoning.

Plaintiff filed a Response to Report and Recommendation (ECF No. 117) (the "Response"), in which he expressly proffered objections both to Judge Boland's account of the facts, and to Judge Boland's recommended filing restrictions.  However, Plaintiff ultimately conceded that some filing restrictions are in order, and proposed alternatives to those suggested by Judge Boland.  He also stated that he "voluntarily dismiss[es] this case as a sanction upon myself, as a gesture to the defendant."  (ECF No. 117.)

The Response consists of three distinct parts.  First, Plaintiff puts forward a "Preliminary Statement."  Next, he identifies matters deemed a "Factual Dispute."  Finally, he proffers "Objections to Sanctions."  Because Plaintiff is proceeding *pro se*, the Court has examined each section for potential objections rather than being guided solely by Plaintiff's section headings.

Plaintiff's Preliminary Statement claims that Judge Boland's recitation of his filing history fails to mention instances in which Plaintiff has prevailed.  Arguably, this suggests that the Judge Boland's recitation and characterization of Plaintiff's filing history is substantially inaccurate.  The Court disagrees.  As noted by Judge Boland, Attachment A to the Complaint in this matter shows more than 100 cases filed by Mr. Pinson in federal district courts.  In this computation, the Court differs from Judge Boland by noting only district court matters.  Additional appellate matters are also disclosed.  Also as noted by Judge Boland, Plaintiff has been assessed three strikes under 28 U.S.C. § 1915(g).  Moreover, I agree with Judge Boland's detailed examples of Plaintiff's filing practices and the determination that his overall pattern of conduct is that of an abusive filer.

As for the specifics of Plaintiff's statement, it fails to give the Court pause in classifying Plaintiff as an abusive filer.  At the outset, it is hardly the case that Plaintiff's suggestion of five

meritorious cases would serve to do damage to the characterization of him as an abusive filer where the quantity of filed cases exceeds one hundred.  That aside, Plaintiff tends to exaggerate the significance of matters "where the plaintiff has prevailed."  (ECF No. 117 at 2.)

According to Plaintiff, the "Tenth Circuit has repeatedly reversed this Court in plaintiff's cases."  (*Id*.)  Implicit in this statement is that Plaintiff's filed cases are meritorious.  In support of his contention, Plaintiff says:

> See, e.g., *Pinson v. Berkebile*, No. 12-cv-1026 (10th Cir. June 21, 2013) (reversed and remanded with instructions to appoint counsel); *Pinson v. Berkebile*, 486 Fed. Appx. 745 (10th Cir. 2012) (a judgment reversed and remanded).

(*Id*.)

The latter case involved an instance in which a dismissal of Plaintiff's claims was affirmed, but remanded with directions to modify the dismissal to be without, rather than with, prejudice.  As for the former, the Circuit affirmed the dismissal of claims relating to five disciplinary actions.  As to three remaining disciplinary actions, the Circuit appointed counsel and directed supplemental briefing as to an issue it identified—whether the BOP should have conducted proceedings to evaluate Plaintiff's competency in each case rather than simply in the one case considered by the district court.  That requested briefing, in turn, led to new defenses being raised by the BOP.  Because of the procedural history and disjointed briefing below, the Circuit adopted "the most prudent course" and remanded the issue for development by the district court.  And, because it found appointed counsel's contributions helpful, the Circuit directed the district court to appoint counsel below.  (*Pinson v. Berkebile*, No. 12-cv-1026, June 21, 2013 Order and Judgment at 10-14.)

Outside of the Tenth Circuit, Plaintiff references *Pinson v. Grimes*, 391 Fed. Appx. 797 (11th Cir. 2010) for the proposition that "other courts have reversed district court decisions." (ECF No. 117 at 2.)  But again, Plaintiff directs the Court to a decision where the Circuit remanded on the issue of whether dismissal of Plaintiff's claims should be with prejudice.

Similarly, references by Plaintiff to cases "won on the merits" (ECF No. 117 at 2), are of some value, but ultimately less than compelling.  Plaintiff cites *Pinson v. Rathman*, No. 09-cv-2475-WMA-HGD (N.D. Ala. 2011) (Petition for Writ of Habeas Corpus Granted).  There, four of Plaintiff's six counts relating to disciplinary actions were dismissed, and the remainder were not granted in terms of the relief sought by Plaintiff.  Instead of expunging the incident report and restoring lost good time, the district court—in the face of what it deemed an unclear record as to whether two Disciplinary Hearing Officer reports had been provided to Plaintiff—directed the BOP to serve Plaintiff with the two reports and granted Plaintiff time to appeal administratively.  Finally, Plaintiff references *Pinson v. Lappin*, 806 F. Supp. 2d 230 (D.D.C. 2011).  There, in a Freedom of Information Act case, the Court granted the defendant's motion for summary judgment, but Plaintiff did prevail to the extent that he was awarded costs.

The Court has considered the matters raised by the Preliminary Statement and concludes that the identified matters neither militate against the conclusion that Plaintiff is an abusive filer nor demonstrates any bias on the part of Judge Boland in his analysis. To the extent that Plaintiff's Preliminary Statement may be characterized as an objection, the objection is overruled.

As noted, the second section of the Response is entitled Factual Dispute.  To the extent that this section may be construed as an objection, it is highly limited.  Plaintiff does not object

to the factual characterization of him as an abusive filer.  Nor does he object to the fact that he has repeatedly been warned that his abusive filing behavior could result in filing restrictions. Instead, Plaintiff's factual disputes with Recommendation One consist of the following: he "denies in whole the allegation that he in any way 'coerced' James Van Noy to do anything," and "denies that he forged any signatures."  (ECF No. 117 at 3.)  He also states that "[a]ll other facts alleged by Judge Boland are not admitted, however plaintiff feels there is no point to contest them."  (*Id*. at 3.)

The factual dispute with respect to Mr. Van Noy's claim that he was "coerced into…filing" is not a dispute with respect to any factual determination made by the magistrate judge.  With respect to Case Number 14-cv-249-WJM-BNB, Judge Boland recited the factual history of the case, relying on the pleadings filed by Mr. Van Noy, the plaintiff therein.  The Court has reviewed the file, and Judge Boland's recitation is accurate.  Shortly after filing an action, Mr. Van Noy filed a "Motion to Terminate this Case and Apologize to Court."  In it, Mr. Van Noy stated that he was "coerced" into filing by Mr. Pinson.  He also attached a declaration from another inmate, Richard McBee, which detailed how Mr. Pinson "manipulated" Mr. Van Noy into "doing his bidding in his [Pinson's] war against this Administration."  Mr. McBee declared that Mr. Pinson's manipulation extended beyond Mr. Van Noy to other less educated inmates and even included attempts to have Mr. McBee file "bogus documents in court."  (See the full recitation in Case No. 14-cv-249, ECF No. 384 at 33-34.)  Finally, Mr. Van Noy attached handwritten pleadings from Mr. Pinson which Mr. Van Noy was to copy and file.  Judge Boland stated in Recommendation One that he recognized the handwriting as that of Mr. Pinson.

As noted, Plaintiff's sole stated dispute with respect to this matter is whether Mr. Van Noy was "coerced."  Plaintiff does not expressly challenge Mr. McBee's characterization that Plaintiff "manipulated" Mr. Van Noy.  Nor does he challenge the declaration that he manipulates others to file "bogus" pleadings.  Plaintiff does not challenge the claim of Mr. Van Noy that Mr. Pinson handwrote motions for Mr. Van Noy to file.[1]

Plaintiff's objection is more semantics than substance.  Whether he "coerced" or "manipulated" Mr. Van Noy into filing frivolous pleadings hardly matters.  The point is that he is an abusive filer.  To that point, Plaintiff has proffered no express objection.  His stated objection is overruled.

Plaintiff's other "factual dispute" is equally wanting.  As noted, he denies that he "forged any signatures in Case No. 13-cv-104-RBJ."  The term to which Plaintiff objects—forged—is not one used by Judge Boland.  Rather, Judge Boland simply recited the text of an Order issued by Senior U.S. District Judge Lewis T. Babcock in denying Plaintiff's Motion to proceed on an IFP status in Case No. 13-cv-2681-BNB.  Judge Babcock concluded that Mr. Pinson was an abusive filer, and as one example of his practices referred a case by District Judge R. Brooke Jackson.  There, Judge Jackson dismissed Mr. Pinson from Case Number 13-cv-104-RBJ-BNB for submitting pleadings which contained signatures of co-plaintiffs who asserted that they did not sign the documents.

What Mr. Pinson expressly objects to is a matter previously determined by Judge Jackson, previously relied upon by Judge Babcock, and now recited by Judge Boland.  And his

---

[1] Judge Boland noted in Recommendation One that he is familiar with Mr. Pinson's handwriting and that the materials purportedly written by Mr. Pinson are, indeed, in his handwriting.  This Court has compared the materials to the handwritten Response and agrees with Judge Boland's observation.

objection is with respect to a term not used by Judge Boland.  The matter has long ago been determined and Judge Boland's historical recounting is accurate.  The objection is overruled.

Before turning to that section of the Response entitled "Objections to Sanctions," the Court wishes to make one thing explicitly clear.  In reciting the history of the volume of pleadings filed by Plaintiff, Judge Boland includes a listing of various additional matters pending before me (Case Number 13-cv-749) and elsewhere.  In concluding that Mr. Pinson is both a voluminous and abusive filer, I neither make nor intimate any conclusions in this case as to the merits or abusiveness of the specific pleadings in 13-cv-749 or other currently pending matters.  Such conclusions are not necessary.

Now turning to Plaintiff's Objections to Sanctions, the Court begins with the most telling aspect—Plaintiff does not object to the propriety of the imposition of filing restrictions based on his history of abusive conduct.  Rather, he implicitly accepts the characterization of him as a voluminous and abusive filer who merits some form of filing restrictions.  (ECF No. 117 at 5-6 ("There should be some credit given to a litigant who accepts responsibility for his actions, some mercy in a bowl of retribution.").)

What Mr. Pinson seeks by his objection to the specific sanctions recommended by Judge Boland is a more lenient set of filing restrictions, chosen by him, including a monetary sanction against an inmate lacking funds.  (ECF No. 117 at 4-5.)  The Court has thoroughly reviewed the matter, and declines to adopt Plaintiff's preferred restrictions.  Plaintiff opines that Judge Boland's sanctions are too harsh.  (*Id*. at 5 ("I feel that the complexity and harshness of the sanctions is undue at this juncture and while I concede I deserve Judge Boland's obvious frustration and contempt to some degree the need to balance my constitutional right to access the

Court and the Court's need to balance that while not being burdened with frivolous or meritless litigation is greater than the need to punish in the harsh and burdensome way recommended by Judge Boland." ).)  I find, however, that given his history, they are—with minor modifications— entirely appropriate.  Plaintiff's objections are overruled.

Accordingly, Judge Boland's recommended filing restrictions, with minor modifications,[2] are[3] hereby adopted by this Court, and imposed as set forth below:

1.  Mr. Pinson shall not file in this Court any new (a) prisoner complaints, or (b) applications for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 which challenge disciplinary proceedings or attempt to raise claims regarding conditions of confinement, unless represented by a licensed attorney admitted to practice in the District of Colorado or unless he has obtained permission from the court to proceed *pro se*.  This includes actions where Mr. Pinson is proceeding as a co-plaintiff or a co-applicant.

In order to obtain permission to proceed *pro se*, Mr. Pinson must:

a.  File with the Clerk of the Court a motion titled "Motion Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" requesting leave to file a *pro se* case;

b.  Attach to the motion a copy of this Order or a separate statement that Mr. Pinson is subject to filing restrictions which references this Order by caption and case number.

---

[2] The primary differences are (1) I converted the requirement for a notarized affidavit into a declaration complying with 28 U.S.C. § 1746; (2) I eliminated the requirement that Mr. Pinson separately include data as to previous and no longer pending lawsuits as details are already required by the prisoner complaint form used in this district; and (3) I allowed more than one motion to be pending in the event of imminent threat of serious bodily injury.

[3] Defendant in this matter filed a response to Recommendation One, largely agreeing with the recommendation, but noting that the BOP does not provide notaries as required by one aspect of Recommendation One.  Defendant suggested instead that the filing restrictions substitute the requirement of a BOP administered oath pursuant to 18 U.S.C. § 4004.  To remove any gatekeeping function from the BOP, the Court has instead required a declaration complying with 28 U.S.C. § 1746.

c.   Attach to the motion a list of all lawsuits currently pending in this Court or in any other federal or state court in which Mr. Pinson is a party, including the case name and number, and a description of the claims asserted and relief being sought in each case;

d.   Identify in the motion the legal issues raised in the new case; whether the issues have been raised in other proceedings in this Court or any other court; and, if so, the case number and docket number where the issues were raised;

e.   Include in the motion a statement advising the Court whether any defendant to the lawsuit was a party to, or was in any way involved in, any prior lawsuit involving Plaintiff and, if so, in what capacity;

f.   Attach to the motion a declaration complying with 28 U.S.C. § 1746 which states that the legal arguments being raised are not frivolous or made in bad faith; are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; have never before been raised by him and disposed of by any federal or state court; and the case is not being filed for any improper purpose; and

g.   Attach to the motion a copy of the complaint or application sought to be filed which must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.   Mr. Pinson shall not file any motions or other papers pertaining to the motion or the complaint or application until the Motion for Leave is decided, unless directed to do so by the Court.

3.   Absent an imminent threat of serious bodily injury, Mr. Pinson shall not have more than one "Motion Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" pending at

a time.  In no event, absent an imminent threat of serious bodily injury, shall Mr. Pinson

submit more than one motion per month.

4.   The filing restrictions shall not interfere in any way with actions, orders, or

judgments of any federal court involving Mr. Pinson which predate the filing restrictions.

B.      *Recommendation Two (ECF No. 112)*

Recommendation Two addresses Defendant's Motion for Summary Judgment Based on

Exhaustion (ECF No. 101).    Despite its caption, Defendant's motion seeks to have Plaintiff's

complaint dismissed for failure to exhaust administrative remedies.  The Court has reviewed the

Motion for Summary Judgment, Plaintiff's Response (ECF No. 106), Defendant's Reply (ECF

No. 107), and Defendant's Notice of Supplemental Authorities (ECF No. 108) in connection

with Recommendation Two.  Recommendation Two carefully considered all claims at issue and

the law relating to exhaustion.

With respect to the three claims in Plaintiff's complaint, Judge Boland found that in two,

the evidence was undisputed that Plaintiff did nothing to exhaust his administrative remedies.

As to the third, Judge Boland considered and rejected Plaintiff's contention that alleged local

BOP staff threats about administrative remedies deterred him from proceeding with

administrative remedies.  In this regard, Judge Boland relied upon Plaintiff's failure to submit a

sensitive request for relief directly to the Regional Director (as he had previously) and the

implausibility of Plaintiff's contention that he was too intimidated to seek local administrative

remedies in this case, particularly in light of the fact that at least 20 local administrative filings

were made after the date of the alleged threat.  Judge Boland found Plaintiff's claims to be time

barred in terms of filing a grievance.  Judge Boland therefore recommended that the Motion for

Summary Judgment be granted and that Plaintiff's claims be dismissed with prejudice. Recommendation Two also advised Plaintiff that he had 14 days to file objections (ECF No. 112 at 10 n.4), but no objections to this recommendation were ever filed.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  Thus, Recommendation Two is adopted.

C.     *Plaintiff's Consolidated Motion to Dismiss (ECF No. 114)*

Plaintiff filed a Consolidated Motion to Dismiss on March 27, 2014, stating merely that he sought to voluntarily dismiss six enumerated lawsuits, including this case, "pursuant to an informal agreement with Executive Staff at ADX Florence."  (ECF No. 114 at 1.)  Warden David Berkebile filed a Response in accordance with an order from Judge Boland, stating that he did not "offer or make any agreement with Plaintiff for dismissal of Plaintiff's cases [and] also did not discuss any informal agreement with ADX staff regarding dismissal of Plaintiff's cases." (ECF No. 120 at 1.)  Nor did Warden Berkebile "authorize any other staff member to make any such agreement."  (*Id.*)

Rule 41(a)(1) of the F.R.C.P. allows for the voluntary dismissal of an action without a court order only before the answer is served or a stipulation is signed by all parties.  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court

order, on terms that the court considers proper." F.R.C.P. 41(2).  In this case, the Court need not

decide Plaintiff's motion, as it is moot.  As discussed above, this case is being dismissed

pursuant to the Motion for Summary Judgment filed by the named Defendant.

### IV.     CONCLUSION

Based on the foregoing, it is ORDERED that:

1.   Filing restrictions are hereby imposed on Plaintiff consistent with this Order;

2.   Defendant's Motion for Summary Judgment Based on Exhaustion is hereby GRANTED
and Plaintiff's claims in this case are DISMISSED WITH PREJUDICE;

3.   Plaintiff's Consolidated Motion to Dismiss is hereby DENIED AS MOOT; and

4.   All other pending motions between the named parties are hereby DENIED AS MOOT.

Dated this 1st day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

14